UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN ALARCON,<br><br>            Plaintiff,<br><br>    v.<br><br>E. WEBB, et al.,<br><br>            Defendants. | No. 2:20-cv-1201 TLN KJN P<br><br>ORDER AND REVISED SCHEDULING ORDER |

Plaintiff is a state prisoner, proceeding pro se. On May 10, 2021, defendants filed a motion to modify the scheduling order. Despite diligence, defendants' counsel was unable to schedule plaintiff's deposition prior to the discovery deadline.

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

The undersigned has read and considered defendants' motion to modify the discovery and scheduling order (ECF No. 25). Good cause appearing, the undersigned grants the motion.

1

On March 12, 2021, plaintiff wrote a letter expressing his desire to attend the trial in this matter but is concerned he cannot just go on his own.[1] (ECF No. 26.) Plaintiff is advised that the court will issue a writ for his attendance at trial. However, this case has not yet been set for trial. So long as plaintiff keeps the court informed of his current address, plaintiff will be informed of any further scheduling in this case.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion (ECF No. 27) is granted;

2. The June 11, 2021 discovery deadline is extended until July 11, 2021, for the sole purpose of taking plaintiff's deposition; and

3. The dispositive motions deadline, September 3, 2021, is extended to October 4, 2021. All other provisions of ECF No. 25 remain in full force and effect.

Dated: May 11, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/alar1201.16b

---

[1] Plaintiff also notes that he had "another court date today in a different place in Sacramento and they didn't take [him] there." (ECF No. 26.) Plaintiff did not provide a case number or location, so the court is unable to address such inquiry. Plaintiff should write directly to that court, including his case number, and advise such court of his change of address.

[2] Plaintiff's letter did not include the instant case number, was not signed, and also included a different address. Plaintiff is advised that he must file a change of address notice in every case, properly labeled "Change of Address," and bear the case number and signature of plaintiff. E. D. Local Rule 183(b); Fed. R. Civ. P. 11(a). Unless plaintiff properly notifies the court of his change of address, he may miss important deadlines or court hearings.